McKinney, J.
delivered the opinion of the court.
It appears from the record in this cause, that at the January term, 1848, of the chancery court at Lebanon, to which term the process was returnable, the defendants appeared, and put in a joint answer to the bill. During the same term exceptions were filed to said answer, on the ground of insufficiency, underneath which the clerk and master made the following endorsement: “Exceptions sustained, and defendants required to file a more perfect answer. January 18th, 1848.” No time was fixed within which answer to the exceptions should *281 be filed; nor was the order of the clerk and master, sustaining the exceptions appealed from.
Nothing further appears to have been done in the cause until the January term, 1849, at which term, and on a day subsequent to the first day of said term, it was ordered by the chancellor, on motion of the com-v plainant’s solicitor, that, the defendants having failed to file an answer to the exceptions, the “bill be taken for confessed against the defendants, as though they had filed no answer; and that the cause be set down for hearing at this term of the court.” And pursuant to said order the chancellor proceeded, at the same term, to make a final decree in favor of the complainant, upon the bill taken pro confesso. From which decree the defendants have prosecuted an appeal in error to this court.
With the merits of this cause we have at present nothing to do. The question for our consideration, is in respect to the regularity of the proceedings, and it is this: can an order for taking a bill pro confesso, and setting the cause down for hearing ex parte, be made on any day during the term, except on the first day of the term, which, under our practice, is a rule day?
It may be observed, that the practice of treating the defendant’s neglect or refusal to put in an answer, as an admission of the truth of the allegations of the bill, seems not to have been of very ancient standing in the English court of chancery. The course formerly was, to put the complainant to make proof of the substance of his bill. 1 Dan. Ch. Pr., 567. But the practice more ■recently established, was to take the bill pro confesso. Before doing so, however, the complainant was required to resort to all the process of the court, in order to *282 compel the defendant to answer. Id. 570, 573. And such seems to have remained the practice in England until the recent orders adopted within the last few years.
But, by our act of 1801, ch. 6, sec. 12, and the rules of practice of our courts of chancery, on failure of the defendant to plead, answer, or demur at the first term to which the process is returnable, or within such further time as may be allowed for doing so, the bill may be taken pro confesso.
This mode of practice, however, is of such serious consequence to the rights of the parties, that it is both proper and necessary that it should be strictly confined within the limits prescribed by the statute and rules of the court.
According to our practice, orders for taking bills pro confesso, and setting down causes for hearing, properly appertain to the duties and functions of the clerk and master, and not of the chancellor; and should be made at the rules and not in court. And when the chancellor assumes to make such orders he is exercising the appropriate function of the master, and must conform to the rules prescribed for the government' of the clerk and master.
By the 12th section of the act of 1801, “rules to plead, answer, demur, or reply, or other proceedings when necessary, shall be given from month to month with the clerk in the office“ which rules shall be entered in a book neatly bound, for the information of all parties concerned therein; and the effect to be produced by each rule, shall be had and obtained at the expiration thereof.” And in furtherance of this provision, the rules adopted by the chancellors of this state, pursuant to the act of 1829-30, and which have all the *283 force of legislative enactments, provide that “rules in the master’s office shall be held on the first Monday in each month.” See fifth rule. By the ninth rule, the first day of every term of the court is likewise made a rule day. The twenty-seventh rale confers upon the clerk and master, at the rules, various powers; and amongst others, to make “orders for taking bills for confessed.” The ninth rule provides, that, after the expiration of the time allowed for taking testimony, “either party may, on any rule day, or on the first day of a term, set down a cause to be heard.”
But no authority to the clerk and master is to be found in any statutory enactment, or rule of the court to make an order for taking a bill pro confesso, or setting down a cause for hearing, at any other time except a rule day. All such orders must appear upon the rules, and to the rule docket the parties interested are to resort for information in respect to the steps taken in the cause.
It is now well settled, that an insufficient answer, adjudged to be so, is to be treated as no answer; and that the whole bill ■ is to be taken pro confesso, in the same manner as if no answer at all had been put in. And, in the case under consideration, no definite time having been prescribed for putting in an answer to the exceptions, the defendants were at least bound to have done so, on or before the first day of the following term of the court; on which day, or on any subsequent rule day, the complainant might have obtained an order from the master taking the bill pro confesso, and setting down the cause for hearing ex parte; or having omitted to do so, such order might have been made on the first day of the term at which the final proceeding in this *284 cause was had; but it was not competent either to the master, or the chancellor to make such order on any subsequent day of the term; and, therefore the proceeding was erroneous.
If the answer of the defendants, and the exceptions taken thereto (which have been incorporated into this record, perhaps improperly) were before us in such form as to call for an adjudication, we should treat the exceptions as a nullity, and order them to be taken off the file. The ground of the exceptions is, not that the defendants failed to answer sufficiently any matter distinctly alleged in the bill, or propounded in the interrogatories thereto, but, that in a statement of facts made by them in their answer, not responsive to the bill,_ but purely in avoidance, they, have been less full and explicit than meets the views of the complainant. It is .scarcely necessary to say. that no exception could be based upon this ground. The matter was not in issue. If the complainant desired to avail himself of any supposed matter of charge admitted in such statement, he should have amended his bill so as to have put the matter in issue; and thereby have entitled himself to as full a response from the defendants in relation thereto, as might have been deemed necessary. But in the aspect in which this cause is presented before us, the latter point does not properly arise.
Upon the former ground, the decree will be reversed; the order for taking the bill pro confesso be set aside, and the cause remanded to the chancery court to be proceeded in according to the course of the court.